**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-05219-NYW

YUBIDI DEL VALLE RODRIGUEZ HERNANDEZ,

Petitioner,

v.

GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE, in his official capacity,
EXECUTIVE OFFICE FOR IMMIGRATION REIVEW, and
JUAN BALTAZAR, in his official capacity,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

Before the Court is the Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition") filed by Petitioner Yubidi Del Valle Rodriguez Hernandez on October 14, 2026. [Doc. 1]. Respondents filed a Response on October 23, 2026, and Petitioner filed her reply on the same day. *See* [Doc. 6; Doc. 7]. After reviewing the record and the applicable law, the Petition is **GRANTED in part**.

## DISCUSSION

Petitioner alleges she is a native and citizen of Venezuela and that she entered the United States on November 7, 2023. [Doc. 1 at ¶¶ 3, 43]. She filed an Asylum and Withholding from Removal application on June 13, 2024. [*Id.* at ¶¶ 3, 44]. On September 22, 2026, Petitioner was detained in her home without a warrant, after Glendale police broke down her door with an incendiary device. [*Id.* at ¶¶ 4; 45]. Despite no charges

being filed against her, she was held by the police until ICE agents could detain her. [*Id.* at ¶ 4]. Petitioner is currently detained at the GEO Contract Detention Facility in Aurora, Colorado. [*Id* at ¶¶ 4, 15]. She is separated from her teenaged daughter, who is now living on her own. [*Id.* at ¶ 4]. She asserts the following three claims: Violation of the INA; Violation of the Immigration and Nationality Act § 235(b), 8 U.S.C. § 1225(b); and Violation of the Immigration and Nationality Act § 235(b), 8 U.S.C. § 1226(a). [*Id.* at ¶¶ 48–76]. As relief, she requests immediate release, or alternatively a constitutionally adequate bond hearing before a neutral arbiter. [*Id.* at 21].

As previously explained in detail by the Court, section 1226 authorizes arrest and detention only "[o]n a warrant issued by the Attorney General," 8 U.S.C. § 1226(a), or without a warrant in very limited circumstances, 8 U.S.C. § 1357(a)(2). *See also Torres v. Baltazar,* No. 26-cv-04996-NYW, 2026 WL 3120698, at *2 (D. Colo. Oct. 19, 2026) (discussing the requirements for warrantless arrests). Respondents make no argument that Petitioner's arrest was proper or that her ongoing detention is justified. [Doc. 6 at 1–2 ("For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case.")]. Furthermore, "Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." [*Id.* at 2]. Respondents assert that "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." [*Id.* at 2].

Because nothing in the record before this Court demonstrates that the Government complied with either § 1226(a) in obtaining a warrant prior to Petitioner's arrest or § 1357(a)(2), and because Respondents do not contest Petitioner's claim that she is

entitled to immediate release, the Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, [Doc. 1], is **GRANTED in part**. Respondents **SHALL RELEASE** Petitioner within **48 hours** of the entry of this Order. Because the Court has granted the requested relief, the Court need not address Petitioner's other claims.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Doc. 1] is **GRANTED in part**;

(2) Petitioner's Emergency Motion to Expedite Consideration [Doc. 8] is **DENIED as moot**;

(2) Respondents are **DIRECTED** to immediately release Petitioner **within 48 hours of the entry of this Order**; and

(3) Parties **SHALL SUBMIT** a joint status report pursuant to 28 U.S.C. § 1746 on or before **November 6, 2026,** confirming Petitioner's release from custody and indicating whether any additional proceedings in this matter are required.

DATED: October 30, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge